United States Bankruptcy Court
District of Massachusetts

In re:                              )
                                    )
JOAN E. SPADY,                      )     Chapter 7
                    DEBTOR.         )     Case No. 11-42886-msh
_____)

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 42]**

This matter having come before me on the Motion[#42] to Reconsider Order [(the "Reconsideration Motion")after due consideration of the Reconsideration Motion, the motion to dismiss and the debtor's opposition to the motion to dismiss, I hereby make the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by [Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024]. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. The Motion fails to allege any newly discovered evidence, any manifest error of law,

or any significant change in the law that would affect the prior outcome.

For the foregoing reasons, the Reconsideration Motion is hereby denied

Dated: August 31, 2011

_____
Melvin S. Hoffman
United States Bankruptcy Judge